David Paul GARBER, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–82–00305–CR.

Court of Appeals of Texas,
El Paso.

Feb. 29, 1984.

William J. Ellis, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a jury conviction for delivery of a controlled substance. The jury assessed punishment at six years imprisonment. We reverse and dismiss the indictment.

The November 24, 1981, grand jury indictment in this cause was transferred to the 34th District Court on November 25, 1981. A motion to quash was filed in that court on December 8, 1981. On January 4, 1982, a petition for writ of habeas corpus was filed and assigned by the district clerk to the 41st District Court. On January 14, the writ was heard in the 41st District Court and the presiding judge granted relief, dismissing the indictment then pending in the 34th District Court. On February 2, 1982, the State presented the 41st District Court with a Motion for Reinstatement of Cause of Action which was heard and granted on February 25. On May 5, the Appellant moved to dismiss the cause of action based on the prior dismissal of the indictment by the 41st District Court. The motion was denied and trial was held on September 21.

Ground of Error No. One alleges that the two-count indictment should have been quashed because it failed to give notice of whether the State was alleging multiple offenses or alternative forms of committing a single offense. We find no error in the two-count allegation of constructive delivery or delivery by offer to sell. *Zanghetti v. State,* 618 S.W.2d 383 (Tex.Cr. App.1981). The use of separate counts to allege alternate means of committing the offense does not constitute reversible error. *McArthur v. State,* 132 Tex.Cr.R. 447, 105 S.W.2d 227 (1937). Prior to jury submission, the State dismissed the second count. This is one proper way of precluding a jury from returning two convictions for a single offense. Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant contends that the 41st District Court could not reinstate the previously dismissed

indictment, thereby permitting the 34th District Court to proceed to trial thereon. This necessitates a determination of the jurisdiction of the 41st District Court over the Appellant's pretrial writ of habeas corpus. While Tex.Code Crim.Pro.Ann. art. 4.16 (Vernon 1977) provides that the first court in which an indictment or complaint is filed shall retain jurisdiction of a case over which two or more courts have concurrent jurisdiction, the statute does not preclude or oust the jurisdiction of the other court or courts. See *Stephenson v. State*, 500 S.W.2d 855 (Tex.Cr.App.1973) and *Flores v. State*, 487 S.W.2d 122 (Tex. Cr.App.1972). Even if a mandatory priority of jurisdiction existed under Article 4.16, such jurisdiction could be waived in favor of a court with potential jurisdiction over the territory of the offense, the level of the offense and the person of the defendant. *Flores*, supra; *Stephenson*, supra; *Ringer v. State*, 137 Tex.Cr.R. 242, 129 S.W.2d 654 (1939).

Furthermore, cases decided under Article 4.16 and its predecessor statutes address jurisdictional conflicts arising out of multiple charging instruments. Here we are confronted with a conflict between the State's charging instrument and the Appellant's right to seek habeas corpus relief. While certain provisions of the Code of Criminal Procedure, Chapter Eleven establish a priority of jurisdiction under which such writs should be assigned to courts already possessing trial jurisdiction over such causes, the language of those provisions is advisory or permissive, not mandatory. See, e.g. Tex.Code Crim.Pro. Ann. art. 11.08 (Vernon 1977). In this case, the 41st District Court had at least potential jurisdiction over the habeas corpus matter. See Tex.Code Crim.Pro.Ann. arts. 11.01, 11.04, 11.05, 11.07 sec. 1, and 11.16 (Vernon 1977). The State appeared at the hearing and did not object to the jurisdiction of the court. Issue was joined on the merits of the habeas corpus complaint. This constituted a waiver of any jurisdictional priority between the two El Paso County District Courts. Consequently, the dismissal of the indictment by the 41st District Court was not void. The 41st District Court had no authority to reinstate the indictment. The judgmental error on the part of the judge of the 41st District Court was nonetheless an exercise of jurisdictional authority. *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Cr.App.1980). Following dismissal, the State's only proper recourse was a return to the grand jury. Ground of Error No. Two is sustained.

The judgment is reversed and the indictment is dismissed.