In re Danny L. Teal










 





IN THE
TENTH COURT OF APPEALS
 

No. 10-00-250-CR

IN RE DANNY L. TEAL


 

 Original Proceeding
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Danny L. Teal seeks a writ of mandamus from this Court compelling Respondent, the
Honorable F.B. McGregor, Jr., Judge of the 66th District Court of Hill County, to hold a
hearing on Teal’s post-conviction application for habeas relief. Mandamus issues to correct a
clear abuse of discretion for which the Relator has no adequate legal remedy. Perkins v. Third
Court of Appeals, 738 S.W.2d 276, 285 (Tex. Crim. App. 1987) (quoting Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)); In re Price, 998 S.W.2d 897, 897 (Tex.
App.—Waco 1999, orig. proceeding).
      When a trial court refuses to hear a habeas application, “an applicant’s remedies are
limited. Some remedies available to an applicant in that situation are to present the application
to another district judge having jurisdiction, or under proper circumstances, to pursue a writ of
mandamus.” Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); Ex parte
Gonzales, 12 S.W.3d 913, 914-15 (Tex. App.—Austin 2000, pet. ref’d); accord In re Davis,
990 S.W.2d 455, 457 (Tex. App.—Waco 1999, orig. proceeding). The only “proper
circumstances” for mandamus relief identified by the Court in Hargett occur when a trial court
refuses to hear a pretrial habeas application challenging the constitutionality of a statute under
which the accused is charged. See Hargett, 819 S.W.2d at 868 n.13 (citing Von Kolb v.
Koehler, 609 S.W.2d 654, 655-56 (Tex. Civ. App.—El Paso 1980, orig. proceeding)).
      Although Teal’s remedies have been described as “limited,” he clearly does have a
remedy. This remedy, as described in Hargett, is to present his habeas application to another
district judge.


 See Hargett, 819 S.W.2d at 868; Gonzales, 12 S.W.3d at 914-15; Davis, 990
S.W.2d at 457. Because Teal has an adequate legal remedy, we deny his petition for
mandamus relief.
 
                                                                   PER CURIAM 
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Writ denied
Opinion delivered and filed July 26, 2000
Do not publish