In re William F. Piper















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-042-CR

IN RE WILLIAM F. PIPER

 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      William F. Piper petitions the Court for a writ of mandamus to compel the Honorable John
Neill, Judge of the 18th District Court of Johnson County, Texas, to issue a writ of habeas corpus. 
We deny the petition.
      We requested a response from Judge Neill; he has not filed one. See Tex. R. App. P. 52.4. 
As Piper states the facts in his pleadings, he is confined in the Johnson County jail, he stands
indicted in the 18th District Court for manufacturing a controlled substance in an amount of four
hundred grams or more and for engaging in organized criminal activity, and his bail is set at
$50,000 in each case. See Tex. Health & Safety Code Ann. §§ 481.112-481.114 (Vernon
Supp. 2003); Tex. Pen. Code Ann. § 71.02 (Vernon 2003).
      Piper has filed a preconviction petition for writ of habeas corpus in the 18th District Court,
in which he seeks a reduction in the amount of his bail. Piper contends in that petition that the bail
is excessive in light of his ties to Johnson County and his inability to raise more than $5,000. See
Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2003). According to Piper’s pleadings,
Judge Neill has not issued the writ, and Piper has not filed habeas petitions in any other court.
      Mandamus is an extraordinary remedy, “to be used sparingly.” Guerra v. Garza, 987
S.W.2d 593, 594 (Tex. Crim. App. 1999) (orig. proceeding); accord In re Verbois, 10 S.W.3d
825, 828 (Tex. App.—Waco 2000, orig. proceeding [pet. denied]) (“compelling circumstances”
required). The relator must show “a clear right to the relief sought.” Stotts v. Wisser, 894
S.W.2d 366, 367 (Tex. Crim. App. 1995) (orig. proceeding). A court with mandamus authority
“will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely
‘ministerial’ and that relator has no other adequate legal remedy.” State ex rel. Rosenthal v. Poe,
No. 74515, 2003 WL 291926, at *3 (Tex. Crim. App. Feb. 12, 2003) (orig. proceeding); accord
In re Taylor, 39 S.W.3d 406, 411 (Tex. App.—Waco 2001, orig. proceeding). The relator must
establish both prongs of this test in order to make relief by mandamus available. State ex rel.
Cobb v. Godfrey, 739 S.W.2d 47, 48 (Tex. Crim. App. 1987) (orig. proceeding).
      First, “the ‘ministerial act’ requirement [is] a requirement that the relator have ‘a clear right
to the relief sought’ meaning that the relief sought must be ‘clear and indisputable’ such that its
merits are ‘beyond dispute’ with ‘nothing left to the exercise of discretion or judgment.’” 
Rosenthal at *3 (quoting State ex rel. Hill v. Fifth Court of Appeals, 34 S.W.3d 924, 927-28 (Tex.
Crim. App. 2001) (orig. proceeding)); accord Taylor at 411.
      The relator’s remedy at law, moreover, must be “adequate” if it is to bar relief by mandamus. 
Rosenthal at *3; Ex parte Garrison, 47 S.W.3d 105, 107 (Tex. App.—Waco 2001, pet. ref’d). 
The purpose of the requirement that the relator show no adequate remedy is “[t]o assure that a
relator will not prematurely apply for extraordinary relief via writ of mandamus.” Smith v. Flack,
728 S.W.2d 784, 792 (Tex. Crim. App. 1987) (orig. proceeding). “In some cases, a remedy at
law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome,
slow, inconvenient, inappropriate or ineffective as to be deemed inadequate.” State ex rel. Holmes
v. Third Court of Appeals, 885 S.W.2d 389, 394 (Tex. Crim. App. 1994) (orig. proceeding)
(quoting Smith, 728 S.W.2d at 792); In re Davis, 990 S.W.2d 455, 457 (Tex. App.—Waco 1999,
orig. proceeding) (quoting Smith at 792). In general, the absence of the right of appeal satisfies
the mandamus requirement that the relator have no legal remedy. Rosenthal at *4 (State’s appeal). 
Petition for writ of habeas corpus, however, is generally an adequate remedy. See Banales v.
Thirteenth Court of Appeals, 93 S.W.3d 33, 36 (Tex. Crim. App. 2002) (orig. proceeding). In
particular, petition for writ of habeas corpus is a proper means to challenge the amount of bail.
See Ludwig v. State, 812 S.W.2d 323, 324 (Tex. Crim. App. 1991) (per curiam); Ex parte
McCullough, 993 S.W.2d 836, 837 (Tex. App.—Waco 1999, orig. proceeding); Ex parte
Chavfull, 945 S.W.2d 183, 185 (Tex. App.—San Antonio 1997, no pet.).
      Piper tends to show that Judge Neill has a mandatory duty to issue the writ, but does not show
that he has no adequate remedy for Judge Neill’s failure to do so. Assuming the facts as Piper
states them, it would be beyond question that Judge Neill has a duty to issue the writ. Texas
district courts have constitutional and statutory authority to issue writs of habeas corpus. Tex.
Const. art. V, § 8; Tex. Gov’t Code Ann. § 24.011 (Vernon 1988); Tex. Code Crim. Proc.
Ann. art. 11.05 (Vernon 1977); Ex parte Hargett, 819 S.W.2d 866, 867 (Tex. Crim. App. 1991). 
The Texas Constitution provides that the writ of habeas corpus is a “writ of right.” Tex. Const.
art. I, § 12. The Texas Code of Criminal Procedure further provides that it is the duty of a district
court, “upon proper motion, to grant the writ under the rules prescribed by law.” Tex. Code
Crim. Proc. Ann. art. 11.05. The writ “shall be granted without delay by the judge or court
receiving the petition, unless it be manifest from the petition itself, or some documents annexed
to it, that the party is entitled to no relief whatsoever.” Id. art. 11.15 (Vernon 1977). “Where
one entitled to a writ of habeas corpus makes proper application for it to the proper court having
jurisdiction, said application conforming to all the statutory requirements and probable cause being
shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a
constitutional right. Neither can it be denied where the granting of it is made an imperative duty
by statute.” Click v. State, 118 Tex. Crim. 404, 407-408, 39 S.W.2d 39, 41 (1931).
      Based on the limited record before us, Piper’s petition for writ of habeas corpus appears
substantially to comply with the requirements for such petitions. See Tex. Code Crim. Proc.
Ann. art. 11.14 (Vernon 1977). Assuming that this record speaks the true facts, Judge Neill thus
would have a mandatory duty to issue the writ of habeas corpus returnable in Johnson County, to
let the writ be served upon the sheriff of Johnson County, and timely to hear the merits of Piper’s
complaint. See id. arts. 11.05, 11.08, 11.10, 11.11, 11.27, 11.31, 11.40 (Vernon 1977).
      However, Piper does not establish that he has no other remedy short of mandamus. The
purpose of the writ of habeas corpus, of course, is to test the legality of the applicant’s
confinement. See Tex. Code Crim. Proc. Ann. art. 11.01 (Vernon 1977). The refusal to issue
the writ “by one judge is not conclusive against applicant, for he may apply to another and have
the opinion of one or all of the judges as to the legality of his restraint.” Ex parte Ainsworth, 27
Tex. 731, 732 (1865); accord Hargett, 819 S.W.2d at 868; Chavfull, 945 S.W.2d at 185. The
Code of Criminal Procedure provides that after an indictment is returned against a defendant “he
may apply to the judge of the court in which he is indicted.” Tex. Code Crim. Proc. Ann.
art. 11.08. But this language is “advisory or permissive, not mandatory.” Garber v. State, 667
S.W.2d 611, 613 (Tex. App.—El Paso 1984, no pet.). Piper’s remedy is to file a petition for writ
of habeas corpus in the Texas Court of Criminal Appeals, in any Texas district court other than
the 18th, or in any Texas county court. See Tex. Code Crim. Proc. Ann. art. 11.05. This law
has been criticized by both judges and scholars. E.g., Ex parte Rodriguez, 980 S.W.2d 475, 475
(Tex. Crim. App. 1998) (orig. proceeding) (Baird, J., concurring); 43B George E. Dix &
Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 47.54 (2d ed.
2001). Nonetheless, it is still the law. Moreover, we are unwilling to hold the “Great Writ” of
habeas corpus inadequate. See generally Ex parte Graves, 70 S.W.3d 103, 107-108 & nn. (Tex.
Crim. App. 2002) (orig. proceeding); James C. Harrington & Anne More Burnham, Texas’s New
Habeas Corpus Procedure for Death-Row Inmates: Kafkaesque—And Probably Unconstitutional,
27 St. Mary’s L.J. 69, 76-77, 79-87 (1995).
      Piper cites us to our holding in Kozacki v. Knize, in which we held that a court has a
mandatory duty to rule on a proper motion presented to the court. See 883 S.W.2d 760 (Tex.
App.—Waco 1994, orig. proceeding). In that case, without considering the remedy of petition
for writ of habeas corpus, we conditionally granted a petition for writ of mandamus to compel a
district judge to conduct a hearing on a motion to reduce bail. Id. Similarly, we have held that
the remedy of petitioning another court for the writ after one court refuses to issue it is inadequate
where an illegal trial is impending after a void action by a trial court. Davis, 990 S.W.2d at 457;
see Garcia v. Dial, 596 S.W.2d 524, 530 (Tex. Crim. App. [Panel Op.] 1980) (orig. proceeding). 
No matter how clear the respondent’s duty, the relator is not entitled to relief without also showing
that he or she lacks an adequate legal remedy other than mandamus. The record presented in the
instant cause does not show that an adequate legal remedy is not available.
      The petition for writ of mandamus is denied. See Tex. R. App. P. 52.8(a).


                                                                   TOM GRAY
                                                                   Justice
 
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Chief Justice Davis concurring)
      (Justice Vance dissenting)
Writ denied
Opinion delivered and filed April 2, 2003
Publish
[OT06]