IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00091-CV

 

Texas Department of Criminal

 Justice-Institutional Division,

                                                                      Appellant

 v.

 

Jeanette Utz,

                                                                      Appellee

 

 



From the 278th District Court

Madison County, Texas

Trial Court No. 05-10875-278-01

 



MEMORANDUM  Opinion










 

          Appellant, Texas Department of
Criminal Justice—Institutional Division, after filing a notice of appeal,
notified this Court that a settlement agreement had been reached and requested
an abatement of the appeal during the settlement process.  The appeal was
abated.

          TDCJ now advises this Court that the
case has been fully settled and asks to dismiss the appeal.  The appeal is
reinstated and is dismissed.  See Tex.
R. App. P. 42.1(a)(1).

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
reinstated and dismissed

Opinion
delivered and filed January 24, 2007

[CV06]






pan>
      When a trial court refuses to hear a habeas application, “an applicant’s remedies are
limited. Some remedies available to an applicant in that situation are to present the application
to another district judge having jurisdiction, or under proper circumstances, to pursue a writ of
mandamus.” Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); Ex parte
Gonzales, 12 S.W.3d 913, 914-15 (Tex. App.—Austin 2000, pet. ref’d); accord In re Davis,
990 S.W.2d 455, 457 (Tex. App.—Waco 1999, orig. proceeding). The only “proper
circumstances” for mandamus relief identified by the Court in Hargett occur when a trial court
refuses to hear a pretrial habeas application challenging the constitutionality of a statute under
which the accused is charged. See Hargett, 819 S.W.2d at 868 n.13 (citing Von Kolb v.
Koehler, 609 S.W.2d 654, 655-56 (Tex. Civ. App.—El Paso 1980, orig. proceeding)).
      Although Teal’s remedies have been described as “limited,” he clearly does have a
remedy. This remedy, as described in Hargett, is to present his habeas application to another
district judge.


 See Hargett, 819 S.W.2d at 868; Gonzales, 12 S.W.3d at 914-15; Davis, 990
S.W.2d at 457. Because Teal has an adequate legal remedy, we deny his petition for
mandamus relief.
 
                                                                   PER CURIAM 
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Writ denied
Opinion delivered and filed July 26, 2000
Do not publish