

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| IN RE: | § | No. 08-22-00033-CR |
| | § | |
| BILAL MUHAMMAD, | § | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | § | IN MANDAMUS |
| | § | |

**MEMORANDUM OPINION**

Relator Bilal Muhammad, appearing pro se, has filed a petition for a writ of mandamus against the Honorable Alyssa Perez, Judge of the 210th District Court. Muhammad contends that the respondent trial court is violating a ministerial duty to docket, hear, and render judgment on his application for a writ of habeas corpus challenging the bail conditions set by the 168th District Court in the case of *Bilal Muhammad v. State of Texas*, Trial Cause No. 20160D01015.

We deny the writ of mandamus.

## I. BACKGROUND

### A. Procedural History

This mandamus action marks Muhammad's fifth, pro se appearance before this Court attempting to challenge pretrial bail conditions. Muhammad was charged with the murder of Lane Wiscombe, allegedly occurring in December 2015, and currently pending in Trial Cause

No. 20160D01015. That indictment remains pending in the 168th District Court of El Paso County.

In February 2016, Muhammad filed a motion to reduce bail in the Criminal Law Magistrate Court. The trial court entered an order setting bail at $450,000. Muhammad attempted to appeal the order, but we dismissed the attempted appeal due to want of jurisdiction over an interlocutory bail order. *See Ex parte Muhammad*, No. 08-16-00079-CR, 2016 WL 3563924, at *1 (Tex. App.—El Paso June 29, 2016, pet. ref'd) (mem. op., not designated for publication) (*Muhammad I*) (dismissing for want of jurisdiction because the order setting bond was an unreviewable interlocutory ruling on a motion to reduce bail).

In December 2020, Muhammad's attorneys convinced the 168th District Court to reduce his bond to $50,000 cash or corporate surety, and $400,000 personal recognizance bond, with the additional condition that Muhammad must reside at the El Paso Rescue Mission. On June 16, 2021—after Muhammad's attorneys filed another motion to reset bond on May 6, 2021, and a pretrial writ of habeas corpus on June 4, 2021, seeking to remove the requirement that he live at the Rescue Mission—the 168th District Court revoked Muhammad's bond, ordered him detained, and set a new bond at $500,000 cash or corporate surety.

Acting pro se, Muhammad then filed a petition for writ of mandamus challenging the trial court's new bail conditions. Alternatively, we also construed the petition as arguing the trial court had unreasonably failed to timely rule on a pro se writ of habeas corpus. We denied the petition for writ of mandamus, holding (1) the trial court was free to disregard his pro se motion because he was represented by counsel, (2) Muhammad alternatively failed to show the trial court abused its discretion in resetting bond, and (3) to the extent we could consider Muhammad's complaint about the trial court's failure to rule on his pro se writ of habeas corpus, Muhammad had not shown that the trial court had unreasonably failed to timely rule. *In re Muhammad*, No. 08-21-00123-CR,

2

2022 WL 389924, at *1 (Tex. App.—El Paso Feb. 9, 2022, orig. proceeding) (sub. mem. op.) (*Muhammad II*).

Separate and apart from the petition for writ of mandamus, Muhammad also attempted to file with this Court a direct appeal of the bond order dated June 16, 2021. As we did before in *Muhammad I*, we dismissed the attempted appeal for want of jurisdiction, since we do not have the authority to review interlocutory pretrial bail motion rulings through an appeal. *Muhammad v. State*, No. 08-21-00134-CR, 2021 WL 4988308, at *1 (Tex. App.—El Paso Oct. 27, 2021, no pet.) (mem. op., not designated for publication) (*Muhammad III*).

On November 18, 2021, the trial court signed an order denying an application for a writ of habeas corpus seeking bail, filed by defense counsel Felix Valenzuela on June 4, 2021. The denial order also stated that the trial court "declined to take up the motions filed pro se by the Defendant . . . because he was represented by counsel." *See Ex parte Muhammad*, No. 08-21-00199-CR, 2022 WL 601937, at *2 (Tex. App.—El Paso Mar. 1, 2022, no pet. h.) (mem. op. on reh'g, not designated for publication) (*Muhammad IV*). Acting pro se, Muhammad filed a pro se notice of appeal from the trial court's adverse ruling. Later, however, he filed a motion to voluntarily dismiss that appeal, which we granted. *Id.* at *2. Muhammad then moved for rehearing of the dismissal of his appeal. After granting rehearing, we thereafter dismissed the appeal for want of jurisdiction based on grounds of hybrid representation. *Id*.

## B.  Factual History

In this pro se petition for writ of mandamus (*Muhammad V*), Muhammad contends that he submitted a pro se petition for a writ of habeas corpus on December 23, 2021. He further describes that he submitted the petition with the 210th District Court of El Paso County, which is not the court in which his indictment remains pending. He asserts that the 210th District Court did not file

3

the petition as requested but instead forwarded it to "an attorney not representing Relator on the matter." He further contends that he sent an email to the 210th District Court on January 17, 2022, via his mother, requesting that the 210th District Court hold a hearing on his habeas petition. Muhammad states that he did not receive a reply from the 210th District Court. Thereafter, on January 18, 2022, Muhammad sent a notice to the 210th District Court, via certified U.S. mail, requesting the court correct its mistake and file the habeas petition. Muhammad maintains that as of the time he submitted his mandamus petition on January 26, 2022, the 210th District Court has neither filed his petition nor otherwise set the matter for a hearing.

We address this petition for mandamus relief.

## II. DISCUSSION

The narrow question presented here in *Muhammad V* is whether the 210th District Court violated a ministerial duty to docket and hold a hearing on Muhammad's pretrial application for a writ of habeas corpus when the indictment in this case is pending in the 168th District Court.

### A. Standard of Review and Applicable Law

#### 1. Mandamus Standard

To obtain mandamus relief, a relator must show (1) the trial court abused its discretion or violated a ministerial duty, and (2) there is no adequate remedy at law. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If the relator fails to satisfy either aspect of this two-part test, then relief should be denied. *Id.*

A trial court's failure to timely rule on a motion is cognizable on appeal. *See In re Harris*, No. 08-19-00208-CR, 2019 WL 6242315, at *1 (Tex. App.—El Paso Nov. 22, 2019, orig. proceeding) (mem. op., not designated for publication). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or

4

refused to rule on the motion within a reasonable time. *Id.* While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, it generally has no ministerial duty to rule a certain way on that motion. *State ex rel. Young*, 236 S.W.3d at 210. It is improper for us to order the trial court to exercise its discretionary judicial function in a particular way unless the relator has a clear right to the relief sought. *Id.*

### 2. Bail and Habeas Corpus

A criminal defendant may challenge a trial court's bail ruling in one of two ways. First, the defendant may file a motion to set or reset bail. Once the trial court issues a bail ruling, the ruling may be challenged through a writ of mandamus in this Court, since a trial court's interlocutory ruling on a bail motion is not immediately appealable. *Muhammad II*, 2022 WL 389924, at *1 (addressing merits of bail decision on mandamus review); *Muhammad III,* 2021 WL 4988308, at *1 (dismissing attempted appeal from interlocutory bond motion ruling for want of jurisdiction); *cf. In re Tharp*, 351 S.W.3d 598, 600–01 (Tex. App.—Austin 2011, orig. proceeding) (granting State mandamus relief where trial court abused its discretion in setting bond conditions).

Second, a criminal defendant may opt to challenge bail terms by filing a pretrial writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08; *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). The writ is brought for the purpose of obtaining a speedy and effective adjudication of a person's right to liberation from illegal restraint. *See Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002). "A writ of habeas corpus is an order from a judge commanding a party, who is alleged to be restraining the applicant in some way, to appear before the court with the object of alleged restraint and explain the reasons for the restraint." *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.01.

We note the phrase, "issuance of the writ," is commonly conflated with an understanding

5

of having received a favorable habeas decision on the merits. However, "issuance of the writ" and "obtaining habeas relief" are separate and distinct concepts. Issuance of the writ is, in essence, shorthand for holding a merits hearing and proceeding to judgment on the petition after an applicant has made an application that meets threshold requirements. *See Ex parte Hargett*, 819 S.W.2d at 868 (explaining that a trial court may hold a prima facie hearing to determine whether to issue the writ, which in turn leads to another hearing on the merits of an application). A court with habeas jurisdiction must issue the writ—that is, hold a hearing and proceed to judgment— promptly and as a matter of right when a petition is in proper form. *Id.*

However, the trial court's refusal to issue a writ or failure to timely issue the writ and hold a merits hearing is not an appealable decision. *See id.* In order to obtain review of the trial court's failure to rule on the merits of a habeas petition, the habeas applicant must file a petition for writ of mandamus with this Court. *See Von Kolb v. Koehler*, 609 S.W.2d 654, 655–56 (Tex. App.— El Paso 1980, orig. proceeding) (granting mandamus relief on December 18, sixteen days after habeas petition in obscenity case had been filed on December 2, and the habeas applicant had unsuccessfully reached out to the trial court on December 8 to set a hearing).[1]

By contrast, once a trial court *does* issue a ruling on the merits in a pretrial habeas action, that ruling is immediately appealable. A habeas corpus petition is technically a civil action separate from a criminal prosecution. And the Texas Court of Criminal Appeals has determined that a final ruling on a pretrial habeas corpus petition is the equivalent of a final judgment that ties off the civil habeas proceeding. *See Greenwell v. Ct. of Appeals for Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650

---

[1] *But see Muhammad II*, 2022 WL 389924, at *1 (identifying factors to consider in ruling delays as (1) seriousness and complexity of the pending motion, (2) the court's actual knowledge of the motion, (3) the state of the trial court's docket, (4) the existence of judicial and administrative matters which the trial court must first address, and (5) the court's inherent power to control its own docket).

(Tex. Crim. App. 2005); *Ex parte Hargett*, 819 S.W.2d at 868.[2]

Here, Muhammad is complaining that the 210th District Court has failed to hold a merits hearing and proceed to a decision on his habeas corpus petition. Such an error, if proved, is correctable via mandamus. *See Von Kolb*, 609 S.W.2d at 655–56.

### B. Analysis

### *1. Right to Self-Representation*

As a threshold matter, the State urges that we summarily deny Muhammad's petition on hybrid representation grounds, as we did in *Muhammad II* and *Muhammad IV*. Muhammad's petition asserts, however, that he is not seeking hybrid representation; rather, he asserts he has invoked his *Faretta* right to self-representation.[3] Before moving forward, we must first consider whether Muhammad is in fact invoking his *Faretta* right to self-representation, or whether, instead, he is advancing a hybrid representation model not otherwise covered by *Faretta*. As we did in *Muhammad II* and *Muhammad IV*, we conclude that Muhammad is asserting the right to represent himself on certain matters, but not on others. And we further conclude that neither this Court nor the trial court are required to permit a litigant to proceed under such a hybrid representation model.

Under the Sixth Amendment, a defendant has both the right to be represented by counsel and the right to represent himself in criminal proceedings. *Faretta*, 422 U.S. at 832–35. However, from a constitutional perspective, these rights are mutually exclusive: a defendant has the absolute right to pick one option or the other, but he does not have the general right to be represented by counsel on some matters while representing himself on other matters a la carte. Such an

---

[2] The series of cases that Muhammad has filed illustrate these principles: *Muhammad I* and *Muhammad III* represented procedurally improper attempts to obtain review of bail motions through interlocutory appeal. *Muhammad II* represented a procedurally proper mandamus action challenging the trial court's interlocutory bail ruling that failed on the merits. And *Muhammad IV* represented a procedurally proper appeal from a final habeas judgment issued by the 168th District Court that was nevertheless dismissed as moot for essentially failing to present a live controversy.

[3] *Faretta v. California*, 422 U.S. 806, 833–36 (1975).

7

arrangement is known as hybrid representation. *See Schindley v. State*, 326 S.W.3d 227, 230 (Tex. App.—Texarkana 2010, pet. ref'd); *In re Marshall*, No. 08-21-00224-CR, 2022 WL 336777, at *1 (Tex. App.—El Paso Feb. 4, 2022, orig. proceeding) (mem op., not designated for publication) (holding pro se petition for writ of mandamus must be disregarded when defendant was represented by counsel and was not entitled to hybrid representation in this Court).

While a trial court may permit hybrid representation as a matter of its inherent discretion by, for example, allowing a defendant to represent himself with standby counsel in the wings, it is not required to do so. *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). If a trial court denies the defendant's request for hybrid representation—while the defendant has appointed counsel, and such defendant has not otherwise knowingly, voluntarily, and intelligently waived the right to counsel and thereafter invoked his *Faretta* right to self-representation—then the trial court is free in its discretion to disregard any pro se motions presented by the defendant, since the defendant is deemed to be represented by counsel. *Faretta*, 422 U.S. at 832–35; *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

Reading the mandamus petition carefully, we note that Muhammad has not asserted a right to represent himself in all matters related to his case, but only with respect to the discrete issues of this mandamus action pertaining to the underlying pretrial habeas petition before the 210th District Court. As such, this is not a true *Faretta* invocation, but only a request to proceed pro se as to certain pieces of the case—in other words, to proceed under a hybrid representation model.

To get around this problem, Muhammad raises a novel argument. Muhammad correctly observes that a writ of habeas corpus is an original civil proceeding that is technically separate from the criminal proceeding initiated by the State and which should technically "be docketed separately from the substantive cause and given a different cause number." *Green v. State*, 999

S.W.2d 474, 477 (Tex. App.—Fort Worth 1999, pet. ref'd) (quoting *Ex parte Shumake,* 953 S.W.2d 842, 846 n.8 (Tex. App.—Austin 1997, no pet.)); *see also Ex parte Young*, 257 S.W.3d 276, 278 (Tex. App.—Beaumont 2008, no pet.) (Gaultney, J., concurring) (noting that the "[f]ailure to docket habeas corpus proceedings separately is a common mistake of the bench and bar and the court clerks of this State" but that such a "clerical error" did not "make the habeas corpus proceeding something other than a separate and distinct proceeding independent of the cause instituted by the State") (internal citations and alterations omitted).

Seizing on this technical distinction, Muhammad contends it is false to characterize his attempt to proceed pro se in the 210th District Court as "hybrid representation," since he is only representing himself in the separate civil action, but he retains his right to counsel in the criminal proceeding under indictment. Muhammad also correctly points out that TEX. CODE CRIM. PROC. ANN. art. 11.12 establishes that "[e]ither the party for whose relief the writ is intended, or any other person for him, may present a petition to the proper authority for the purpose of obtaining relief."

Muhammad's argument is creative, but ultimately unpersuasive, as a defendant's Sixth Amendment right to counsel attaches with the commencement of adversarial judicial proceedings against him and continues through every subsequent "critical stage" unless the right has been affirmatively waived. *State v. Frey*, 897 S.W.2d 324, 327–28 (Tex. Crim. App. 1995). And, in this instance, we do not have a record to support a determination that such an affirmative *Faretta* waiver has been made. *See Faretta*, 422 U.S. at 835–36 (stating the record must establish that accused has knowingly and intelligently waived the right to counsel and was made aware of the dangers and disadvantages of self-representation). Even so, we decline to base our ruling on hybrid representation grounds as we did in *Muhammad II* and *Muhammad IV*. Instead, we will assume, without deciding, that Muhammad can proceed *pro se* both in this action and in proceedings before

9

the 210th District Court. Nonetheless, even if Muhammad could bring a pro se habeas corpus petition on his own behalf in the 210th District Court—despite being represented by appointed counsel—we conclude that Muhammad's mandamus petition fails on the merits because he has not shown a clear duty requiring the 210th District Court to hold a hearing under these circumstances.

### 2. *210th District Court as Pretrial Habeas Forum*

Muhammad asserts that he had the right to file a pretrial habeas corpus petition in the 210th District Court challenging bond conditions set by the 168th District Court. And he further asserts the 210th District Court erred by failing to docket and rule on his habeas application. We must determine: (1) whether the 210th District Court had jurisdiction to entertain a challenge to bail conditions set by the 168th District Court; and, if so, (2) whether the 210th District Court erred by failing to docket, hear, and render judgment on Muhammad's habeas petition.

#### a. *Jurisdiction*

We address jurisdiction first and find that Muhammad invoked the jurisdiction of the 210th District Court to entertain his habeas petition.

Both the 168th District Court and the 210th District Court are courts of general jurisdiction capable of hearing criminal matters. *See* TEX. CODE CRIM. PROC. ANN. art. 4.01(3). And both the 168th District Court and the 210th District Court wield the plenary power to grant writs of habeas corpus by virtue of their original jurisdiction grants. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008) (citing TEX. CONST. art. V, § 8). "When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction . . . ." TEX. CODE CRIM. PROC. ANN. art. 4.16. With respect to pretrial habeas petitions, the Code of Criminal Procedure provides: "If a person is

10

confined after indictment on a charge of felony, he may apply to the judge of the court in which he is indicted . . ." TEX. CODE CRIM. PROC. ANN. art. 11.08.

Muhammad contends that notwithstanding article 4.16's grant of priority jurisdiction to the 168th District Court, and article 11.08's direction to file the habeas petition with the court of indictment, case law from this Court establishes that he is not limited to filing his habeas petition with only the 168th District Court. On this limited point, Muhammad is correct, but we further note below that there are important caveats to this principle.

In *Garber v. State*, 667 S.W.2d 611, 612–13 (Tex. App.—El Paso 1984, no writ), this Court found that the 41st District Court could grant habeas relief and quash an indictment pending in the 34th District Court. We held that although TEX. CODE CRIM. PROC. ANN. art. 4.16 provided that the first court in which an indictment or complaint is filed shall retain jurisdiction of a case over which two or more courts have concurrent jurisdiction, "the statute does not preclude or oust the jurisdiction of the other court or courts." *Id.* at 613. We also held that although TEX. CODE CRIM. PROC. ANN. art. 11.08 established a "priority of jurisdiction under which" habeas writs "should be assigned to courts already possessing trial jurisdiction over such causes, the language of those provisions is advisory or permissive, not mandatory." *Id.*

While the State is free to appear in the non-indictment district court's habeas proceedings and object to a district court other than the district court with priority jurisdiction asserting jurisdiction over the habeas application, the jurisdictional objection may be waived by the State's inaction in the non-indictment court. *Id.*; *Ex parte Chavfull*, 945 S.W.2d 183, 185 (Tex. App.—San Antonio 1997, no writ) (district court retains habeas jurisdiction even when indictment is pending in another court unless State appears and objects to exercise of jurisdiction). Thus, a district court has jurisdiction over a habeas petition unless the State objects and establishes that

another district court has an indictment pending, at which point the court of indictment has priority to make a bail decision under article 11.08. *Ex parte Chavfull*, 945 S.W.2d at 185–86

Here, the 210th District Court had concurrent jurisdiction with the 168th District Court. A court has no discretion to refuse to entertain a matter over which it has jurisdiction. *See El Pescador Church, Inc. v. Ferrero*, 594 S.W.3d 645, 655 (Tex. App.—El Paso 2019, no pet.) (district court has constitutional obligation to exercise jurisdiction where it exists). As such, the 210th District Court had a duty to docket Muhammad's habeas corpus petition even though the indictment was pending in the 168th District Court and even though the 168th District Court had priority jurisdiction under Tex. Code Crim. Proc. Ann. art. 4.16. The 210th District Court, acting through the District Clerk, erred by failing to docket Muhammad's habeas corpus petition before the 210th District Court, as requested.

### b. Relationship Between Court of Indictment and Other District Courts

On this record, however, we will *not* issue a writ of mandamus compelling the 210th District Court to docket Muhammad's latest habeas petition. Here, Muhammad has not shown that the 168th District Court refused to rule on a properly filed pretrial habeas petition such that Muhammad could avail himself of the alternative opportunity to obtain habeas relief from another district court.

Again, Tex. Code Crim. Proc. Ann. art. 11.08 requires Muhammad to first seek relief from the court in which the indictment is pending. "In a case where a judge refuses to issue the requested writ of habeas corpus or denies an applicant the requested hearing on the merits of his claim," an applicant may "present the application to another district judge having jurisdiction, or under proper circumstances . . . pursue a writ of mandamus" in the court of appeals. *Ex parte Hargett*, 819 S.W.2d at 868. Here, to be entitled to "issuance of the writ"—i.e., a hearing on his

habeas petition—from a district court other than the court of indictment, Muhammad must show (1) he filed a habeas application in the district court in which the indictment was pending, and (2) the district court with continuing jurisdiction refused to timely hold a hearing on the habeas petition. *See id.*; *In re Piper*, 105 S.W.3d 107, 110 (Tex. App.—Waco 2003, no pet.) (applicant who does not receive a habeas hearing from the court of indictment may file another habeas application in another district court); *In re Davis*, 990 S.W.2d 455, 457 (Tex. App.—Waco 1999, orig. proceeding) (recognizing that relator could present a habeas application to another district judge if the original district judge "refuses to issue a requested habeas writ or denies a hearing on the merits of the claim").

Muhammad cannot make a threshold showing that the 168th District Court has failed to timely rule or otherwise refused to rule on a valid, pending pretrial habeas corpus petition, thereby triggering the safety valve right to seek pretrial habeas relief from the 210th District Court in the alternative. On the contrary, the record[4] shows that Muhammad, who was unsatisfied with the delay in the 168th District Court's ruling on a pretrial habeas petition, availed himself of one of two options articulated in *Ex parte Hargett*: he obtained mandamus review of his claim that the 168th District Court unreasonably delayed holding a hearing on his pro se habeas application. *See Muhammad II*, 2022 WL 389924, at *1 (addressing Muhammad's argument that the trial court had unreasonably delayed holding a hearing on the habeas application). And although we denied the mandamus petition in *Muhammad II*, this action apparently prompted the trial court to finally rule on the merits of the pending pretrial habeas petition filed by his counsel. Indeed, we recently disposed of Muhammad's pro se direct appeal from the 168th District Court's order denying

---

[4] We take judicial notice of our own prior public records in the Muhammad series of cases. *See County of El Paso v. Navar*, 584 S.W.3d 73, 79 (Tex. App.—El Paso 2018, no pet.); *In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex. App.—El Paso 2014, pet. denied) (court of appeals may take judicial notice of adjudicative facts in the public record).

Muhammad's petition for pretrial habeas relief on the merits. *See Muhammad IV*, 2022 WL 601937, at \*1–3.

The 210th District Court was empowered to rule on Muhammad's habeas petition *only if* Muhammad had otherwise established that the 168th District Court—the court of indictment— either failed to timely rule or refused to rule on a habeas petition Muhammad filed in the 168th District Court. Given the record conclusively establishes that the 168th District Court *did*, in fact, proceed to a merits decision on the pretrial habeas application by the time Muhammad filed his habeas petition with the 210th District Court, there was no basis for the 210th District Court to act.

Finally, although Muhammad complains that the 210th District Court could address his pro se habeas petition because the 168th District Court specifically declined to address petitions he filed pro se, the 168th District Court acted within its discretion not to do so, as we said in *Muhammad II* and *Muhammad IV*, based on its determination that Muhammad was attempting to engage in hybrid representation and on the absence of a *Faretta* waiver.

### III. CONCLUSION

In sum, bail conditions may be challenged either by motion or through a separate pretrial writ of habeas corpus. In the event a defendant wishes to challenge bail conditions through a pretrial writ of habeas corpus, the court of indictment has priority jurisdiction over a pretrial habeas corpus application, and habeas relief should be sought from the court of indictment first. *See* 38 TEX. JUR. 3D *Extraordinary Writs* § 98 (Jan. 2022 Update). Another district court may also entertain a pretrial habeas corpus application, but only if the court of indictment has unreasonably delayed a ruling, or refused to rule, on a habeas corpus application pending in the court of indictment.

Here, because the 168th District Court did issue a ruling on the merits on a pending pretrial

14

habeas corpus petition, the 210th District Court could not have rendered a decision on another pretrial habeas corpus petition presenting the same factual allegations as those raised in the original petition before the 168th District Court. And in the event factual circumstances change, any future pretrial habeas bail application should be made to the 168th District Court first, since that district court has priority jurisdiction, and other district courts may act only if the 168th District Court unreasonably delays or refuses to rule on a pending pretrial habeas application.

Finally, as we stated before in *Muhammad IV,* we are not blind to the fact "Muhammad has been incarcerated in the County jail from December 2015 up until today, save only the brief several months he was allowed to stay at the Rescue Mission." *Muhammad IV*, 2022 WL 601937, at *3. On the contrary, we are deeply concerned by Muhammad's nearly six years of indefinite pretrial detention, and we have "urge[d] the lower court, defense counsel, and the State's district attorney to set this matter for trial." *Id.* But in this procedural posture, neither this Court nor the 210th District Court can provide Muhammad with relief from confinement.

The petition for writ of mandamus is denied. All pending motions are denied as moot.

GINA M. PALAFOX, Justice

June 21, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

15