IMC FERTILIZER, INC., Relator,

v.

The Honorable Eileen O'NEILL, Judge 190th Judicial District, Harris County, Respondent.

No. C14–92–00909–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1993.

David E. Keltner, Lynne Liberato, Jeff Nobles, Ann Ryan Robertson, Houston, for relator.

Michael Park, Huntsville, Gearge P. Hardy, III, Ralph E. Gustafson, Michael D. Miller, Rodney P. Bridges, Houston, for respondent.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

ROBERTSON, Justice.

Relator, IMC Fertilizer, Inc., urges this court to issue a writ of mandamus to the Honorable Eileen O'Neill, respondent, directing her to set aside a discovery order compelling the depositions of various investigators hired by counsel for relator. We conditionally grant the writ.

The underlying lawsuit arose from an explosion that occurred on May 1, 1991, at a Louisiana plant operated by relator. The explosion caused extensive damage and the death of eight people. The first suit was filed on May 3, 1991 in Louisiana. Several suits were filed in various courts in Harris County by the end of May 1991, and these suits were later consolidated before respondent.

On May 3, 1991 counsel for relator was obtained and on May 4, counsel hired representatives from CH & A Corporation (CH & A) and INS Investigative Bureau, Inc. (INS) to begin off-site investigations. On June 24, 1992, plaintiffs in the Harris County litigation, real parties in interest, noticed the depositions of Roger Craddock, John Jacobus, Gary Smith, Perry Monroe, Gary Brooks, Darryl Childers, Carl Stuckey, and Dan Heyer, representatives of CH & A and INS. Relator filed a motion for protection claiming the representatives' testimony was protected because they were consulting experts, it qualified as party communications and was also attorney work product. *See* TEX.R.CIV.P. 166b(3)(a), (b) and (d). Relator's motion was heard before respondent on July 13, 1992, and on July 20, she issued a memorandum opinion denying relator's motion. A motion for reconsideration was filed by relator, and on Au-

gust 10, 1992, respondent denied that motion. The order of July 20 is the subject of this mandamus proceeding.

In determining whether the writ of mandamus should issue, we must determine whether the trial court clearly abused its discretion and whether relator has an adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). The supreme court went on to state that this standard has different applications in different circumstances. *Id.* The resolution of factual issues is committed to the trial court's discretion and the reviewing court may not substitute its judgment for that of the trial court. *Id.* The relator must establish that the trial court could reasonably have reached but one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot substitute its decision for that of the trial court unless the decision is shown to be arbitrary and unreasonable. *Johnson*, 700 S.W.2d at 918.

Review of a trial court's determination of the legal principles controlling its ruling, however, is far less deferential. *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying it to the facts. *Id.* Therefore, a failure by the trial court to analyze or apply the law properly will constitute an abuse of discretion. *Id.*

In her memorandum opinion denying relator's motion for protection, respondent specifically outlined her reasons for denying relator's claims for protection. Respondent found that one reason the exemptions did not apply was that no attorney-client privilege arose in this case because "investigations are not communications made by a client seeking legal advice from a lawyer." We believe respondent's

construction of the law governing attorney-client privilege is much too limited.

Texas Rule of Civil Evidence 503(b) precludes the discovery of communications between attorney and client. TEX.R.CIV.EVID. 503(b). A client has the privilege to refuse to disclose and prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of legal services to the client. *Id.* This privilege applies not only to communications between the client and the attorney and his representative, but also to communications between:

> (1) the client's representative and the attorney or the attorney's representative;
> (2) the attorney and the attorney's representative;
> (3) the client, his representative, his attorney and an attorney representing another party in the pending action and concerning a matter of common interest;
> (4) representatives of the client, and the client and his representatives;
> (5) attorneys and their representatives representing the same client.

*Id.* A representative of the lawyer is a person employed by the lawyer to assist the lawyer in the rendition of professional legal services. *Id.* at 503(a)(4).

Relator established a prima facie showing of attorney-client privilege protecting the testimony of representatives of CH & A and INS from discovery. Counsel for relator, by affidavit, established that the investigators were hired at his request to assist in his representation of relator. The affidavits also alleged that at no time had the information gathered by the investigators been disseminated to any third parties. These affidavits were uncontroverted and were sufficient to support relator's asserted privileges. *See Shell Western E & P, Inc. v. Oliver,* 751 S.W.2d 195, 196 (Tex. App.—Dallas 1988, orig. proceeding). Relator properly exercised its right to prevent the disclosure of communications made between its counsel and its counsel's representatives.

Respondent's order does not dispute that the investigators were hired by counsel for relator. Thus, respondent erred in its determination that no attorney-client exemption applied and in the ordering of the depositions of the representatives of CH & A and INS. Having determined that the respondent abused her discretion in ordering the depositions of the various representatives, we must further decide whether the relator has an adequate remedy by appeal.

■ Mandamus is intended to be an extraordinary remedy. *Walker,* 827 S.W.2d at 840. As such, it is available only in limited circumstances. *Id.* A writ of mandamus will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Id.* (quoting *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989)). The requirement that those seeking mandamus relief demonstrate the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus law. *Id.* In *Walker,* the supreme court discussed several situations in the discovery context wherein a party will not have an adequate remedy by appeal. One of the situations discussed was where a trial court orders the disclosure of privileged information. *Id.* at 843. The court stated that a party will not have an adequate remedy by appeal when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party. *Id.* The court, citing *West v. Solito,* 563 S.W.2d 240 (Tex.1978), held that one such situation occurs when the trial court orders documents to be produced that are covered by the attorney-client communication privilege. *Id.* The same reasoning applies to the actual testimony that qualifies under the attorney-client privilege. Therefore, under *Walker,* it is clear that relator has no adequate remedy by appeal. If the representatives are required to give their testimony by deposition to the real parties in interest, the damage will be done and no appeal could ever remedy the situation.

Counsel for the real parties in interest indicated at oral argument that the issue before this court was moot. Both sides agreed that relator had designated four of

the eight representatives as testifying experts after leave to file petition for mandamus was granted, and that those four individuals had already been deposed or where scheduled to be deposed. Additionally, counsel for the real parties in interest indicated that no effort would be made to depose the four remaining individuals. Although it may appear the issue is moot, the order of the respondent denying protection to the four remaining representatives is still a valid order. Therefore, unless and until this court is given notice that respondent's order has been vacated, we must still address the issue before us.

The trial court abused its discretion in ordering relator to produce the representatives of CH & A and INS for depositions requested by the real parties in interest. The affidavits submitted in support of the claims of privilege were uncontroverted and sufficient to establish the exemption from discovery of all of the representatives of CH & A and INS.

Therefore, we conditionally grant the relief requested in the petition for writ of mandamus. The Honorable Eileen O'Neill, Judge of the 190th Judicial District Court of Harris County is directed to vacate her order of July 20, 1992 ordering the depositions of the eight representatives of CH & A and INS. We assume respondent will comply with the directions contained in the opinion, and mandamus will issue only if she fails to comply.