WR-83,501-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/25/2015 12:42:33 PM
Accepted 6/25/2015 4:34:40 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

No. _____

RECEIVED
COURT OF CRIMINAL APPEALS
6/25/2015
ABEL ACOSTA, CLERK

## IN RE MATHEW PAYAM SHALOUEI,
*Relator*

_____

# RELATOR'S MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS

_____

_____

From the First Court of Appeals, Houston, Texas, denying mandamus relief in Cause Number 01-15-00555-CR from an order of the 263rd District Court of Harris County, Texas, Honorable Jim Wallace presiding in Cause Numbers 1411883 & 1437307

_____

**Jerome Godinich, Jr.**
TBA No. 08054700
917 Frankilin, Suite 320
Houston, TX 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Attorney for Relator**

**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Attorney for Relator**
**(on writ and mandamus only)**

June 25, 2015

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

RELATOR, MATHEW PAYAM SHALOUEI, requests that this Court grant leave to file the attached writ of mandamus directed to Respondent, the Honorable Jim Wallace, who is the presiding judge of the 263rd district court of Harris County, Texas. This petition for writ of mandamus results from Respondent's failure to issue a pre-trial writ of habeas corpus filed on behalf of Relator and assigned cause number 1437307.

Relator argues that, (1) Respondent had a ministerial, mandatory, and non-discretionary duty to issue the writ; and (2) Relator has no adequate remedy at law because it is well settled that a defendant may not appeal when a judge refuses to issue a writ of habeas corpus.

### Expedited Consideration Requested

Shalouei requests expedited consideration of his petition by the Court. The order he is challenging in this proceeding allows a criminal prosecution to proceed which is currently set for jury selection in Respondent's court on **June 26, 2015** with trial on the merits scheduled for **June 29, 2015**. By separate pleading, Shalouei

seeks a stay of that trial pending the Court's disposition of his motion for leave to file and the instant petition for a writ of mandamus.

Respectfully submitted,

By:  /s/ R. SCOTT SHEARER
**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, Texas 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Attorney for Relator**

June 25, 2015

3

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

No. _____

**IN RE MATHEW PAYAM SHALOUEI,**
*Relator*

_____

# RELATOR'S EMERGENCY MOTION FOR TEMPORARY RELIEF

_____

_____

From the First Court of Appeals, Houston, Texas, denying
mandamus relief in Cause Number 01-15-00555-CR from
an order of the 263rd District Court of Harris County,
Texas, Honorable Jim Wallace presiding in Cause
Numbers 1411883 & 1437307

_____

**Jerome Godinich, Jr.**
TBA No. 08054700
917 Frankilin, Suite 320
Houston, TX 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Attorney for Relator**

**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Attorney for Relator**
**(on writ and mandamus only)**

June 25, 2015

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

RELATOR, MATHEW PAYAM SHALOUEI, requests that this Court issue a writ of mandamus directed to Respondent, the Honorable Jim Wallace, who is the presiding judge of the 263rd district court of Harris County, Texas. This petition for writ of mandamus results from Respondent's failure to issue a writ of habeas corpus filed on behalf of Relator and assigned cause number 1437307.

Relator argues that, (1) Respondent had a ministerial, mandatory, and non-discretionary duty to issue the writ; and (2) Relator has no adequate remedy at law because it is well settled that a defendant may not appeal when a judge refuses to issue a writ of habeas corpus.

1.   <u>The Respondent had a ministerial duty to issue the writ of habeas corpus. Relator has a clear right to the relief sought.</u>

In the recent case of *In re Tyrone Allen*, this Court set out the current standard to be applied in mandamus cases. See *In re Tyrone Allen*, Nos. WR-82, 265-01, WR-82, 265-02 (Tex. Cr. App. May 13, 2015). Mandamus relief is appropriate only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision. A relator satisfies the ministerial act component when he can show that he has a clear right to the relief sought. "A clear right to

relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'"  A ministerial act, by its nature, does not involve the use of judicial discretion; it must be positively commanded and so plainly prescribed under the law as to be free from doubt.  While a trial court has a ministerial duty to rule upon a properly filed and timely presented motion, it generally has no ministerial duty to rule a certain way on that motion.  It is proper to order a court to rule a particular way only when the law invoked is "definite, unambiguous, and unquestionably applies to the indisputable facts of the case." *In re Tyrone Allen*, Nos. WR-82, 265-01, WR-82, 265-02 (Tex. Cr. App. May 13, 2015); see *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Cr. App. 1994) (orig. proceeding) (an act is ministerial when the, "law clearly spells out the duty to be performed with such certainty that nothing is left to the discretion or judgment."  While mandamus is not a substitute for appeal, it may be used to correct judicial action "that is clearly contrary to well-settled law, whether that law is derived from statute, rule, or opinion of a court**.**" *Id.*

In a habeas corpus proceeding, "there is a distinction between the issuance of a writ of habeas corpus and the granting of relief on the claims set forth in an application for that writ." *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Cr. App. 1991).  The writ is defined as an order issued by a court or judge of competent

jurisdiction, directed to anyone having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint. TEX. CRIM. PROC. CODE ANN. art. 11.01. In other words, the writ in a habeas corpus proceeding is merely the formal order securing the presence of the person in custody.

A court of appeals' jurisdiction over appeals of pre-trial habeas matters is limited to review of the trial court's written order ruling on the merits of the application. See *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App. - Fort Worth 1996, no pet.). When a hearing is held on the merits of an applicant's claim and the court subsequently rules on the merits of that claim, the losing party may appeal. *Ex Parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991).

In the present case, the Respondent issued a written order denying issuance of the writ. (Exhibit 2, 4). An examination of the record reveals that the trial court denied issuance of the writ without hearing evidence or argument regarding Relator's claims, and without expressing an opinion on the merits of those claims. Because the trial court did not consider and resolve the merits of appellant's habeas corpus application, Relator could not appeal to the court of appeals.

It is beyond question that the Respondent had a duty to issue the writ. Texas district courts have constitutional and statutory authority to issue writs of habeas

corpus. TEX. CONST. art. V, §8; TEX. GOV'T CODE ANN. §24.011; TEX. CRIM. PROC. CODE ANN. art. 11.05; *Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex. Cr. App. 1991). The Texas Constitution provides that the writ of habeas corpus is a "writ of right." TEX. CONST. art. I, §12. The Texas Code of Criminal Procedure further provides that it is the duty of a district court, "upon proper motion, to grant the writ under the rules prescribed by law." TEX. CRIM. PROC. CODE ANN. art. 11.05. The writ "shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatsoever." TEX. CRIM. PROC. CODE ANN. art. 11.15. "Where one entitled to a writ of habeas corpus makes proper application for it to the proper court having jurisdiction, said application conforming to all the statutory requirements and probable cause being shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a constitutional right. Neither can it be denied where the granting of it is made an imperative duty by statute." *Click v. State*, 118 Tex.Crim. 404, 407-408, 39 S.W.2d 39, 41 (1931). Relator has complied with the requirements for such petitions. See TEX. CRIM. PROC. CODE ANN. art. 11.14. Judge Wallace had a mandatory duty to issue the writ of habeas corpus returnable in Harris County, to let the writ be served upon the sheriff of Harris County, and to timely to hear the merits of Relator's complaint. See TEX. CRIM. PROC. CODE ANN. arts. 11.05, 11.08, 11.10, 11.11, 11.27, 11.31, 11.40.

8

2.    Relator has no adequate remedy at law.

Respondent denied issuance of the writ on the grounds that the Respondent's claim is not cognizable on a pre-trial writ of habeas corpus. (Exhibit 3). It is important to note that Relator is not asking the Respondent to rule a certain way in his case. There is a distinction between the issuance of a writ of habeas corpus and the granting of relief on the claims set forth in an application for that writ. *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Cr. App. 1991). An applicant cannot appeal from a trial court's refusal to issue or grant a writ of habeas corpus, but may appeal the denial of relief on the merits of the application. See *Hargett*, 819 S.W.2d at 868.

At this juncture, Relator is only asking for the Respondent to issue the writ according to recognized process and to make a ruling on the merits. See *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Cr. App. 1998) ("The Court of Appeals and the State have confused cognizability with jurisdiction. Certain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief. However, if the district court denies relief, regardless of the underlying claims for the relief sought, the applicant may appeal."); *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App. - Tyler 1993, orig. proceeding) ("While it is a basic premise that an appellate court lacks the power to compel a trial judge to do a

9

particular act involving or requiring discretion on his part, this Court is empowered to order a trial judge to exercise his discretion in some manner."); see also *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App. - Amarillo 2001, orig. proceeding) ("[A]dmittedly, the need to consider and rule upon a motion is not a discretionary act."); *In re Minnfee*, No. 07-09-0005-CV, 2009 Tex.App. LEXIS 332, at \*2 (Tex. App.-Amarillo Jan. 16, 2009, orig. proceeding) ("[W]e cannot tell a trial judge how to rule on motions pending before them before the trial judge himself rules on them.").

It is well settled that a trial court violates a ministerial duty when it denies issuance of a writ of habeas corpus. *In re J.C.L.*, No. 10-11-00447-CV (Tex. App. - Waco February 15, 2012) (original proceeding) ("the trial court has a ministerial duty to consider and rule on relator's habeas corpus applications") (unpublished); *In re Solis*, No. 04-04-00050-CV, 2004 WL 1336266 (Tex. App.—San Antonio June 16, 2004, orig. proceeding) (holding that defendant was entitled to writ of mandamus ordering trial court to consider and rule on his habeas corpus application) (unpublished).

There is no right of appeal from the refusal to issue a writ of habeas corpus when the trial court did not consider and resolve the merits of the application. See *Ex parte Ainsworth*, 27 Tex. 731, 732-33 (Tex. 1865); *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Cr. App. 1998); *Purchase v. State*, 176 S.W.3d 406, 407

10

(Tex. App. - Houston [1st Dist.] 2004, no pet.); *Ex parte Okere*, 56 S.W.3d 846, 850 (Tex. App. - Fort Worth 2001, pet ref'd); *Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App. - Austin 2000, pet. ref'd); *cf. Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Cr. App. 1991) (holding that if trial court reaches merits of habeas corpus application, its ruling is appealable even if trial court refused to issue writ).

An examination of the record in the present case reveals that the trial court denied issuance of the writ without hearing evidence or argument regarding Relator's claims, and without expressing an opinion on the merits of those claims. (Exhibit 2, 4); See *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Cr. App. 2008) ("A hearing held to determine whether a writ should issue or whether the merits of claims should be addressed is not the same as one that is held to resolve the merits of an applicant's allegations."); *Hargett*, 819 S.W.2d at 868. Because the court did not consider and resolve the merits of Relator's habeas corpus application, Relator could not appeal. Had he done so, his appeal would have been dismissed for lack of jurisdiction.

In general, the absence of the right of appeal satisfies the mandamus requirement that the relator have no legal remedy. *Rosenthal v. Poe*, 98 S.W.3d 194, 199 (Tex. Cr. App. 2003) (orig. proceeding).

When a trial judge refuses to issue a writ of habeas corpus or denies a hearing on the merits, an applicant's remedies are limited. The applicant may either present

the application to another judge having jurisdiction, or "under proper circumstances" seek a writ of mandamus. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991) (citing *Von Kolb v. Koehler*, 609 S.W.2d 654 (Tex. App.-El Paso 1980, orig. proceeding)); see *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Cr. App. 2008) ("Some remedies available to an applicant in that situation are to present the application to another district judge having jurisdiction, or under proper circumstances, to pursue a writ of mandamus."); see also *Ex parte Hayes*, No. WR-77,189-01 (Tex. Cr. App. March 7, 2012) (unpublished) (Johnson, J., concurring) ("If the district court does not rule or refuses to rule, [the applicant] may then file an application for a writ of mandamus in the court of appeals and petition that court to order the district court to rule on his properly filed application for a writ of habeas corpus. Once he has a ruling, he may appeal it if he so chooses. If the court of appeals denies relief on his application for a writ of mandamus, he may file an application for a writ of mandamus in this Court.").

Although this Court has suggested that an applicant "shop around" his writ to other district courts, several Courts of Appeal have found this procedure to be impracticable. The Waco court of appeals found that the time involved in trying to present a writ to another district court after its issuance has been denied is an inadequate remedy. *In re Davis*, 990 S.W.2d 455 (Tex. App. - Waco 1999, original proceeding). In *Davis*, the court held as follows:

12

> Given the short period of time before the date for the second trial as scheduled by the Respondent, in which Davis would have to seek the requested relief, and the difficulties inherent in locating another district judge to rule on the merits of his habeas application and to then obtain appellate review in the event of a denial of the application, we conclude the theoretical habeas remedy available to Davis is inadequate in these circumstances.

*In re Davis*, 990 S.W.2d 455 (Tex. App. — Waco 1999, original proceeding).

Other courts of appeal have ruled similarly. See *Von Kolb v. Koehler*, 609 S.W.2d 654, 655-56 (Tex. App. - El Paso 1980, orig. proceeding); *In re Altschul*, 236 S.W.3d 453 (Tex. App. - Waco 2007 original proceeding); *Thi Van Le v. Perkins*, 700 S.W.2d 768, 776 (Tex. App. - Austin 1985, orig. proceeding), mandamus denied sub nom. *Perkins v. Court of Appeals*, 738 S.W.2d 276 (Tex. Cr. App. 1987) (A remedy by appeal will not prevent the issue of mandamus if that remedy is inadequate or tedious.).

3.    Mandamus is appropriate in these circumstances.

In *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991) this Court cited *Von Kolb v. Koehler*, 609 S.W.2d 654, 655-56 (Tex. App. - El Paso 1980, orig. proceeding) for the proposition that mandamus is appropriate in certain

circumstances where a trial court refuses to issue a writ of habeas corpus. In *Von Kolb*, relator filed a pre-trial application for writ of habeas corpus sixteen days before the court of appeals' opinion. He made several unsuccessful attempts to set a hearing date, but the trial court took no action on the application. The court of appeals rejected the state's argument that Von Kolb had the adequate remedy of "shop[ping] around for a different forum which would take action on his application for the writ of habeas corpus." *Id*. at 656. The court conditionally issued the writ, ordering the trial judge to act on the application. *Id*.

In an attempt to comply with the suggestion of *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991), Relator presented his pre-trial writ of habeas corpus to other district courts. The 179th district court and 230th district court issued written orders also denying issuance of the writ. (Exhibits 6, 8). Several other district courts were approached as well, but were unwilling to participate in Relator's shopping expedition.[1]

Relator regrets the timing of this writ of mandamus coming so close to the start of trial. In addition to the delay caused by his shopping trip through the district

---

[1] In his attempt to "shop around" for a district court willing to issue the writ, it was Relator's distinct impression that the other district courts were less than enthusiastic about interfering with a case originating from another district court.

courts, Relator has been delayed in filing this mandamus due to the health of the undersigned counsel.[2]

4.    Relator is in need of temporary relief.

TEX. CONST. art. V, §5(c) authorizes this Court to issue writs of mandamus and other writs necessary to enforce its jurisdiction, issue writs of mandamus agreeable to principles of law regulating such writs against a judge of a district or county court in the appellate court's district, and issue writs of habeas corpus in certain instances. See TEX. CONST. art. V, § 5(c) ("Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The Court and the Judges thereof shall have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments.").

---

[2] Undersigned counsel Shearer became afflicted with a MRSA staff infection on the bones inside his foot beginning in October of 2014 and has had multiple surgeries and hospital stays in an attempt to save his foot.   Methicillin Resistant Staphylococcus Aureus (MRSA) is a serious staph infection caused by an antibiotic-resistant bacterium. See *Colyer v. State*, 428 S.W.3d 117 (Tex. Cr. App. 2014).  The prognosis is good, but the undersigned is still undergoing medical treatment as of this date.

15

This is an emergency motion because the Relator's case is set for a trial date of **Friday, 06-26-2015**. (See attached Exhibit 1). Relator is scheduled to pick a jury on 06-26-2015 and begin testimony on 6-29-2015. Relator has attached the petition for writ of mandamus to this motion and incorporates it by reference.

Motion for Temporary Relief

For the reasons stated in this motion and the attached petition for mandamus, Relator prays this Honorable Court will issue a writ of mandamus directing Respondent to stay Relator's **June 26, 2015** jury trial. Relator also prays that the Respondent be ordered to answer, that the action be stayed pending further orders from this Court, for this Court to set this petition for a hearing at the earliest practicable time and to grant Relator any and all other appropriate relief. See TEX. R. APP. PROC. 52.10.

16

Respectfully submitted,


By: /s/ R. SCOTT SHEARER
**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, Texas 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Attorney for Relator**


June 25, 2015

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the attached petition for writ of mandamus, motion for temporary relief, and record, has been served upon the Respondent and the State by EXPEDITED MEANS by e-mailing a copy of same to the following addresses on this the 25th day of June, 2015:


HON. JIM WALLACE
ERICA THOMAS BRICE, COORDINATOR
263RD DISTRICT COURT
1201 FRANKLIN, 15TH FLOOR
HOUSTON, TEXAS 77002
*Erica_Thomas-Brice@justex.net*

A.D.A. CLINTON MORGAN
DISTRICT ATTORNEY'S OFFICE
APPELLATE SECTION
HOUSTON, TX 77002
*MORGAN_CLINTON@dao.hctx.net*

/s/ R. SCOTT SHEARER
**R. Scott Shearer**

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**No.** _____

**IN RE MATHEW PAYAM SHALOUEI,**
*Relator*

_____

# RELATOR'S PETITION FOR WRIT OF MANDAMUS

_____


_____

From the First Court of Appeals, Houston, Texas, denying
mandamus relief in Cause Number 01-15-00555-CR from
an order of the 263rd District Court of Harris County,
Texas, Honorable Jim Wallace presiding in Cause
Numbers 1411883 & 1437307

_____

**Jerome Godinich, Jr.**
TBA No. 08054700
917 Frankilin, Suite 320
Houston, TX 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Attorney for Relator**

**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Attorney for Relator**
**(on writ and mandamus only)**

## REQUEST FOR ORAL ARGUMENT

The Relator, MATHEW PAYAM SHALOUEI, requests oral argument in this case.

## IDENTITY OF PARTIES AND COUNSEL

So that the members of this Court may evaluate possible disqualification or recusal, Relator submits the following list of interested parties and their respective attorneys:

**Mathew Payam Shalouei -**                    Relator

[in custody]

**Jerome Godinich, Jr.**                       Attorney for Relator.

917 Franklin, Suite 320
Houston, TX 77002

**R. Scott Shearer** -                         Attorney for Relator.
                                               (on writ and mandamus only)

917 Franklin, Ste. 320
Houston, TX 77002

**Lacy Johnson** -                             Counsel for the State of Texas.

District Attorney's Office
1201 Franklin
Houston, TX 77002

**Hon. Jim Wallace** -                         Respondent.

263rd District Court
1201 Franklin, 15th Floor
Houston, Texas 77002

**TABLE OF CONTENTS**

**Page**

STATEMENT REGARDING ORAL ARGUMENT.................................... ii

IDENTITY OF PARTIES AND COUNSEL……................................... iii

INDEX OF AUTHORITIES............................................................... v-viii

THE PARTIES…………………………………………................... 2

STATEMENT OF THE CASE........................................................2

STATEMENT OF JURISDICTION…………………………………….3

ISSUES PRESENTED……………………………………………….3

STATEMENT OF FACTS……………………………………………4

ARGUMENT AND AUTHORITIES…………………….……………..5

PRAYER FOR RELIEF........................................................... 19

CERTIFICATION………………………………………………20

CERTIFICATE OF COMPLIANCE WITH Tex. R. App. Proc. 9.4…………21

CERTIFICATE OF SERVICE................................................... 22

RECORDS AND EXHIBITS……………………………………23

# INDEX OF AUTHORITIES

**Page**

**CASES**

*Allen v. Guarino,* 635 S.W.2d 129 (Tex. App. - Houston [1st Dist.] 1981, no writ) 6

*Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Cr. App. 2011) ...................................5

*City of Highland Park v. Dallas Ry. Co.,* 243 S.W. 674 (Tex. Civ. App.- Dallas 1922, writ ref'd)....................................................................................................9

*Click v. State*, 118 Tex.Crim. 404, 39 S.W.2d 39 (1931)........................................12

*Colyer v. State*, 428 S.W.3d 117 (Tex. Cr. App. 2014).............................................5

*Dawson v. First National Bank of Troup*, 417 S.W.2d 652 (Tex. Civ. App. - Tyler 1967, no writ) .................................................................................................13

*Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238 (Tex. 1985) ....................7

*Ex parte Ainsworth*, 27 Tex. 731 (Tex. 1865) .........................................................14

*Ex parte Gonzales*, 12 S.W.3d 913 (Tex. App. - Austin 2000, pet. ref'd) ..............15

*Ex parte Hargett*, 819 S.W.2d 866 (Tex. Cr. App. 1991) ...........................................
.................................................................... 4, 10, 11, 12, 13, 15, 16, 17, 18

*Ex parte Hayes*, No. WR-77,189-01 (Tex. Cr. App. March 7, 2012) (unpublished)
.................................................................................................................16

*Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Cr. App. 1998)................. 13, 15

*Ex parte Okere*, 56 S.W.3d 846 (Tex. App. - Fort Worth 2001, pet ref'd) .............15

*Ex parte Villanueva*, 252 S.W.3d 391 (Tex. Cr. App. 2008)........................... 15, 16

*Ex parte Wiley*, 949 S.W.2d 3 (Tex. App. - Fort Worth 1996, no pet.)...................11

*IMC Fertilizer, Inc. v. O'Neill*, 846 S.W.2d 590, 591 (Tex. App. - Houston [14th Dist.] 1993, orig. proceeding). .......................................................7, 8

*In re Altschul*, 236 S.W.3d 453 (Tex. App. - Waco 2007, original proceeding).....17

*In re Chavez*, 62 S.W.3d 225 (Tex. App. - Amarillo 2001, orig. proceeding)........14

*In re Davis*, 990 S.W.2d 455 (Tex. App. - Waco 1999, original proceeding) ........17

*In re Dickason*, 987 S.W.2d 570 (Tex.1998) (orig. proceeding)..............................7

*In re J.C.L.*, No. 10-11-00447-CV  (Tex. App. -  Waco February 15, 2012, original proceeding) (unpublished) ...................................................................14

*In re Minnfee*, No. 07-09-0005-CV, 2009 Tex.App. LEXIS 332, at *2 (Tex. App.- Amarillo Jan. 16, 2009, orig. proceeding) ...........................................14

*In re Solis*, No. 04-04-00050-CV, 2004 WL 1336266 (Tex. App.—San Antonio June 16, 2004, orig. proceeding) (unpublished) ...................................14

*In re State*, 50 S.W.3d 100 (Tex. App. - El Paso 2001, orig. proceeding) ................7

*In re Tyrone Allen*, Nos. WR-82, 265-01, WR-82, 265-02 (Tex. Cr. App. May 13, 2015)...................................................................................................9

*O'Donniley v. Golden*, 860 S.W.2d 267 (Tex. App. - Tyler 1993, orig. proceeding) .........................................................................................................13

*Padilla v. McDaniel*, 122 S.W.3d 805 (Tex. Cr. App. 2003)...................................5

*Purchase v. State*, 176 S.W.3d 406 (Tex. App. - Houston [1st Dist.] 2004, no pet.) ........................................................................................................15

*Rosenthal v. Poe*, 98 S.W.3d 194 (Tex. Cr. App. 2003).........................................15

*State ex rel. Healey v. McMeans*, 884 S.W.2d 772 (Tex. Cr. App. 1994) (orig. proceeding) .......................................................................................... 3, 6, 10

*State ex rel. Holmes v. Honorable Court of Appeals for Third Dist.*, 885 S.W.2d 389 (Tex. Cr. App. 1994) ...........................................................................7

*State ex rel. Holmes v. Third Court of Appeals*, 885 S.W.2d 389 (Tex. Cr. App. 1994)......................................................................................................9

*State ex rel. Wade v. Mays,* 689 S.W.2d 893 (Tex. Cr. App. 1985) .........................6

*Stearnes v. Clinton*, 780 S.W.2d 216 (Tex. Cr. App. 1989) ....................................8

*Texas Dept. of Corrections v. Dalehite,* 623 S.W.2d 420 (Tex. Cr. App. 1981) ......6

*Thi Van Le v. Perkins*, 700 S.W.2d 768 (Tex. App. - Austin 1985, orig. proceeding), mandamus denied sub nom. *Perkins v. Court of Appeals*, 738 S.W.2d 276 (Tex. Cr. App. 1987)......................................................................17

*Von Kolb v. Koehler*, 609 S.W.2d 654 (Tex. App. - El Paso 1980, orig. proceeding) .......................................................................................... 16, 17, 18, 19

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) ............................................. 6, 7, 8

*White v. Baker & Botts,* 833 S.W.2d 327 (Tex. App. - Houston [1st Dist.] 1992, no writ) .........................................................................................................13

*Wolff v. Thornton,* 670 S.W.2d 764 (Tex. App. - Houston [1st Dist] 1984, no writ)6

**STATUTES**

TEX. CRIM. PROC. CODE ANN. art. 11.01....................................................................11

TEX. CRIM. PROC. CODE ANN. art. 11.05....................................................................12

TEX. CRIM. PROC. CODE ANN. art. 11.14....................................................................12

TEX. CRIM. PROC. CODE ANN. art. 11.15....................................................................12

TEX. GOV'T CODE ANN. §22.221........................................................................ 3, 5, 11

TEX. GOV'T CODE ANN. §24.011 ...............................................................................11

TEX. PENAL CODE §19.03..............................................................................................2

**CONSTITUTIONAL PROVISIONS**

TEX. CONST. art. I, §12...............................................................................................12

TEX. CONST. art. V, §5(C) .............................................................................................3

TEX. CONST. art. V, §8 ...............................................................................................11

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

No. _____

**IN RE MATHEW PAYAM SHALOUEI,**
*Relator*

_____

# RELATOR'S PETITION FOR WRIT OF MANDAMUS

_____


_____

From the First Court of Appeals, Houston, Texas, denying
mandamus relief in Cause Number 01-15-00555-CR from
an order of the 263rd District Court of Harris County,
Texas, Honorable Jim Wallace presiding in Cause
Numbers 1411883 & 1437307

_____


**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**


Relator, MATHEW PAYAM SHALOUEI respectfully submits this petition

for writ of mandamus from an order of the 263rd District Court of Harris County,

Texas, the Honorable Jim Wallace presiding, denying issuance of Relator's pre-trial

writ of habeas corpus.  (Exhibits 2-4).


1

**A.    The Parties**

1.    The Relator

Relator, MATHEW PAYAM SHALOUEI is the Defendant in criminal action number 1411883 in the 263rd Judicial District Court of Harris County, Texas. Relator is charged with the offense of capital murder. See TEX. PENAL CODE §19.03. (Exhibits 1-2).

2.    The Respondent

Respondent, Judge Jim Wallace, is the presiding judge of the 263rd District Court of Harris County, Texas, the court in which Relator's trial is scheduled.

**B.    Statement of the case**

The Defendant was indicted in cause number 1411883 in the 263rd district court of Harris County, Texas for the offense of capital murder. See TEX. PENAL CODE §19.03. Based upon recent decisions of the United States Supreme Court, Relator filed a pre-trial writ of habeas corpus alleging that the Texas capital sentencing scheme for juveniles is facially unconstitutional. (Exhibit 3). The Respondent issued an order denying issuance of Relator's pre-trial writ. (Exhibit 4. A jury trial is preferentially set for June 26, 2015. (Exhibit 1).

2

## C.     Statement of jurisdiction

TEX. CONST. art. V, §5(c) authorizes this Court to issue writs of mandamus and other writs necessary to enforce its jurisdiction, issue writs of mandamus agreeable to principles of law regulating such writs against a judge of a district or county court in the appellate court's district, and issue writs of habeas corpus in certain instances. See TEX. CONST. art. V, § 5(c) ("Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The Court and the Judges thereof shall have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments.").

## D.     Issues presented

ISSUE ONE: DID THE RESPONDENT VIOLATE HIS MINISTERIAL DUTY TO ISSUE RELATOR'S PRE-TRIAL WRIT OF HABEAS CORPUS?

ISSUE TWO: DOES RELATOR HAVE AN ADEQUATE REMEDY AT LAW?

3

**E.     Relief Sought**

Relator files this petition for writ of mandamus, asking this Court to order Judge Wallace to issue Relator's previously filed writ of habeas corpus. Because Respondent had no discretion in the matter, he had a ministerial duty to issue the writ according to recognized procedure and process.

**F.     Statement of facts.**

This petition for writ of mandamus results from Respondent's failure to perform his ministerial duty to grant issuance of Relator's pre-trial writ of habeas corpus. The trial court denied issuance of the writ without hearing evidence or argument regarding appellant's claims, and without expressing an opinion on the merits of those claims. (Exhibits 2, 4).

In an attempt to comply with the suggestion of *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991), Relator presented his pre-trial writ of habeas corpus to other district courts. The 179th district court and 230th district court issued written orders also denying issuance of the writ. (Exhibits 6, 8). Several other district courts

were approached as well, but were unwilling to participate in Relator's shopping expedition.[3]

Relator regrets the timing of this writ of mandamus coming so close to the start of trial. In addition to the delay caused by his shopping trip through the district courts, Relator has been delayed in filing this mandamus due to the health of the undersigned counsel.[4]

As required by *Padilla v. McDaniel*, 122 S.W.3d 805 (Tex. Cr. App. 2003), Shalouie first presented this petition to the Court of Appeals for the First District. The writ was assigned Cause Number 01-15-00555-CR. Relief was denied by written opinion issued June 24, 2015. (Exhibit 9). The request for mandamus relief against Respondent may now be filed in this Court. See *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Cr. App. 2011).

---

[3] In his attempt to "shop around" for a district court willing to issue the writ, it was Relator's distinct impression that the other district courts were less than enthusiastic about interfering with a case originating from another district court.

[4] Undersigned counsel Shearer became afflicted with a MRSA staff infection on the bones inside his foot beginning in October of 2014 and has had multiple surgeries and hospital stays in an attempt to save the foot. Methicillin Resistant Staphylococcus Aureus (MRSA) is a serious staph infection caused by an antibiotic-resistant bacterium. See *Colyer v. State*, 428 S.W.3d 117 (Tex. Cr. App. 2014). The prognosis is good, but the undersigned is still undergoing medical treatment as of this date.

**G.    Argument and Authorities**

1.    Standard of review.

This Court has the authority to issue the writ of habeas corpus and the writs of mandamus, procedendo, prohibition, and certiorari.  The Court and the Judges thereof also have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments.  TEX. CONST. art. V, §5(c)

The extraordinary relief of mandamus will not generally issue unless the result sought by the aggrieved party is "ministerial" in nature, as opposed to being "judicial" or "discretionary."  *State ex rel. Wade v. Mays,* 689 S.W.2d 893, 898 (Tex. Cr. App. 1985).  In *State ex rel. Healey v. McMeans*, 884 S.W.2d 772 (Tex. Cr. App. 1994) (orig. proceeding) this Court stated that an act is ministerial when the, "law clearly spells out the duty to be performed with such certainty that nothing is left to the discretion or judgment."  *State ex rel. Healey v. McMeans*, 884 S.W.2d at 774; see *Texas Dept. of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex. Cr. App. 1981).  The Court further explained that while mandamus is not a substitute for appeal, it may be used to correct judicial action, "that is clearly contrary to well-settled law, whether that law is derived from statute, rule, or opinion of a court." *Id.*

6

Mandamus may also issue where a court has so clearly abused its discretion that it amounts to a clear and prejudicial error of law. A trial court clearly abuses its discretion if it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1994). In other words, an abuse of discretion occurs if a trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The resolution of factual matters is committed to the sound discretion of the trial court, and the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. On the other hand, appellate review of a trial court's determination of what the law is, or its application of the law to the facts, is much less deferential. *Id*. at 840. Because a trial court has no discretion in the matter, a failure of the trial court to properly analyze the law or apply it to the facts will constitute an abuse of discretion. *Id*.; *IMC Fertilizer v. O'Neill*, 846 S.W.2d 590, 591 (Tex. App. - Houston [14 Dist.] 1993).

Mandamus is available when a trial judge enters an order without statutory authority. *In re State*, 50 S.W.3d 100, 102 (Tex. App. - El Paso 2001, orig. proceeding). An order entered without authority is void, and mandamus is the appropriate remedy when a trial court enters a void order. *In re Dickason*, 987

7

S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *State ex rel. Holmes v. Third Court of Appeals*, 885 S.W.2d 389, 396 (Tex. Cr. App. 1994).

In a mandamus proceeding, the reviewing court must determine whether the relator has an adequate remedy by appeal, and whether the respondent abused his discretion. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992); *IMC Fertilizer, Inc. v. O'Neill*, 846 S.W.2d 590, 591 (Tex. App. - Houston [14th Dist.] 1993, orig. proceeding). Mandamus will not normally issue when there is a clear and adequate remedy by a regular appeal, because mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Walker*, 827 S.W.2d at 840. The writ usually issues only in situations involving manifest and urgent necessity. *Id.*

Mandamus is the proper vehicle to review the Respondent's actions in this case. Relator is entitled to mandamus relief because Judge Wallace (1) failed to perform a ministerial duty; and (2) Relator has no adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992)(original proceeding); *In re Union Pac. Resources Co.,* 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding); *In re O'Connor*, 92 S.W.3d 446, 450 (Tex. 2002) (orig. proceeding). Additionally, the errors presented in this mandamus are of such importance to the jurisprudence of the State that the Respondent's actions require correction. Mandamus is the most judicially economic way of correcting the trial court's failure to perform its mandatory, ministerial duty to issue the writ of habeas corpus. Relator would be

forced to endure a void felony trial before being able to secure relief through a normal appeal. See *Stearnes v. Clinton*, 780 S.W.2d 216, 225 (Tex. Cr. App. 1989)(Using "the appellate process in this situation to correct this particular ill would be too burdensome and would only aggravate the harm and most likely would result in a new trial compelling relator to again endure a trip through the system."); *City of Highland Park v. Dallas Ry. Co.,* 243 S.W. 674, 681 (Tex. Civ. App.- Dallas 1922, writ ref'd) (remedy must be "equally convenient, beneficial, and effective as the proceeding by mandamus"). A regular appeal is not an adequate remedy in this situation. See *State ex rel. Holmes v. Third Court of Appeals*, 885 S.W.2d 389, 394 (Tex. Cr. App. 1994)("In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate.").

      1.     <u>The Respondent had a ministerial duty to issue the writ of habeas corpus. Relator has a clear right to the relief sought.</u>

In the recent case of *In re Tyrone Allen*, this Court set out the current standard to be applied in mandamus cases. See *In re Tyrone Allen*, Nos. WR-82, 265-01, WR-82, 265-02 (Tex. Cr. App. May 13, 2015). Mandamus relief is appropriate only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a

discretionary or judicial decision. A relator satisfies the ministerial act component when he can show that he has a clear right to the relief sought. "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" A ministerial act, by its nature, does not involve the use of judicial discretion; it must be positively commanded and so plainly prescribed under the law as to be free from doubt. While a trial court has a ministerial duty to rule upon a properly filed and timely presented motion, it generally has no ministerial duty to rule a certain way on that motion. It is proper to order a court to rule a particular way only when the law invoked is "definite, unambiguous, and unquestionably applies to the indisputable facts of the case." *In re Tyrone Allen*, Nos. WR-82, 265-01, WR-82, 265-02 (Tex. Cr. App. May 13, 2015); see *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Cr. App. 1994) (orig. proceeding) (an act is ministerial when the, "law clearly spells out the duty to be performed with such certainty that nothing is left to the discretion or judgment." While mandamus is not a substitute for appeal, it may be used to correct judicial action "that is clearly contrary to well-settled law, whether that law is derived from statute, rule, or opinion of a court." *Id.*

In a habeas corpus proceeding, "there is a distinction between the issuance of a writ of habeas corpus and the granting of relief on the claims set forth in an

10

application for that writ." *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Cr. App. 1991). The writ is defined as an order issued by a court or judge of competent jurisdiction, directed to anyone having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint. TEX. CRIM. PROC. CODE ANN. art. 11.01. In other words, the writ in a habeas corpus proceeding is merely the formal order securing the presence of the person in custody.

A court of appeals' jurisdiction over appeals of pre-trial habeas matters is limited to review of the trial court's written order ruling on the merits of the application. See *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App. - Fort Worth 1996, no pet.). When a hearing is held on the merits of an applicant's claim and the court subsequently rules on the merits of that claim, the losing party may appeal. *Ex Parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991).

In the present case, the Respondent issued a written order denying issuance of the writ. (Exhibit 2, 4). An examination of the record reveals that the trial court denied issuance of the writ without hearing evidence or argument regarding Relator's claims, and without expressing an opinion on the merits of those claims. Because the court did not consider and resolve the merits of appellant's habeas corpus application, Relator could not appeal to the court of appeals.

11

It is beyond question that the Respondent had a duty to issue the writ. Texas district courts have constitutional and statutory authority to issue writs of habeas corpus. TEX. CONST. art. V, §8; TEX. GOV'T CODE ANN. §24.011; TEX. CRIM. PROC. CODE ANN. art. 11.05; *Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex. Cr. App. 1991). The Texas Constitution provides that the writ of habeas corpus is a "writ of right." TEX. CONST. art. I, §12. The Texas Code of Criminal Procedure further provides that it is the duty of a district court, "upon proper motion, to grant the writ under the rules prescribed by law." TEX. CRIM. PROC. CODE ANN. art. 11.05. The writ "shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatsoever." TEX. CRIM. PROC. CODE ANN. art. 11.15. "Where one entitled to a writ of habeas corpus makes proper application for it to the proper court having jurisdiction, said application conforming to all the statutory requirements and probable cause being shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a constitutional right. Neither can it be denied where the granting of it is made an imperative duty by statute." *Click v. State*, 118 Tex.Crim. 404, 407-408, 39 S.W.2d 39, 41 (1931). Relator has complied with the requirements for such petitions. See TEX. CRIM. PROC. CODE ANN. art. 11.14. Judge Wallace had a mandatory duty to issue the writ of habeas corpus returnable in Harris County, to let the writ be served upon the sheriff of Harris County, and to

12

timely to hear the merits of Relator's complaint. See TEX. CRIM. PROC. CODE ANN. arts. 11.05, 11.08, 11.10, 11.11, 11.27, 11.31, 11.40.

2. Relator has no adequate remedy at law.

Respondent denied issuance of the writ on the grounds that the Respondent's claim is not cognizable on a pre-trial writ of habeas corpus. (Exhibit 4). It is important to note that Relator is not asking the Respondent to rule a certain way in his case. There is a distinction between the issuance of a writ of habeas corpus and the granting of relief on the claims set forth in an application for that writ. *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Cr. App. 1991). An applicant cannot appeal from a trial court's refusal to issue or grant a writ of habeas corpus, but may appeal the denial of relief on the merits of the application. See *Hargett*, 819 S.W.2d at 868.

At this juncture, Relator is only asking for the Respondent to issue the writ according to recognized process and to make a ruling on the merits. See *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Cr. App. 1998) ("The Court of Appeals and the State have confused cognizability with jurisdiction. Certain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief. However, if the district court denies relief, regardless of the underlying claims for the relief sought, the applicant may appeal."); *O'Donniley v. Golden*, 860

13

S.W.2d 267, 269 (Tex. App. - Tyler 1993, orig. proceeding) ("While it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this Court is empowered to order a trial judge to exercise his discretion in some manner."); see also *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App. - Amarillo 2001, orig. proceeding) ("[A]dmittedly, the need to consider and rule upon a motion is not a discretionary act."); *In re Minnfee*, No. 07-09-0005-CV, 2009 Tex.App. LEXIS 332, at \*2 (Tex. App.-Amarillo Jan. 16, 2009, orig. proceeding) (unpublished) ("[W]e cannot tell a trial judge how to rule on motions pending before them before the trial judge himself rules on them.").

It is well settled that a trial court violates a ministerial duty when it denies issuance of a writ of habeas corpus. *In re J.C.L.*, No. 10-11-00447-CV (Tex. App. - Waco February 15, 2012, original proceeding) ("the trial court has a ministerial duty to consider and rule on relator's habeas corpus applications") (unpublished); *In re Solis*, No. 04-04-00050-CV, 2004 WL 1336266 (Tex. App. - San Antonio June 16, 2004, orig. proceeding) (unpublished) (holding that defendant was entitled to writ of mandamus ordering trial court to consider and rule on his habeas corpus application).

There is no right of appeal from the refusal to issue a writ of habeas corpus when the trial court did not consider and resolve the merits of the application. See

*Ex parte Ainsworth*, 27 Tex. 731, 732-33 (Tex. 1865); *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Cr. App. 1998); *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App. - Houston [1st Dist.] 2004, no pet.); *Ex parte Okere*, 56 S.W.3d 846, 850 (Tex. App. - Fort Worth 2001, pet ref'd); *Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App. - Austin 2000, pet. ref'd); cf. *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Cr. App. 1991) (holding that if trial court reaches merits of habeas corpus application, its ruling is appealable even if trial court refused to issue writ).

An examination of the record in the present case reveals that the trial court denied issuance of the writ without hearing evidence or argument regarding Relator's claims, and without expressing an opinion on the merits of those claims. (Exhibit 2, 4); See *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Cr. App. 2008) ("A hearing held to determine whether a writ should issue or whether the merits of claims should be addressed is not the same as one that is held to resolve the merits of an applicant's allegations."); *Hargett*, 819 S.W.2d at 868. Because the court did not consider and resolve the merits of Relator's habeas corpus application, Relator could not appeal. Had he done so, his appeal would have surely been dismissed for lack of jurisdiction.

In general, the absence of the right of appeal satisfies the mandamus requirement that the relator have no legal remedy. *Rosenthal v. Poe*, 98 S.W.3d 194, 199 (Tex. Cr. App. 2003) (orig. proceeding).

15

When a trial judge refuses to issue a writ of habeas corpus or denies a hearing on the merits, an applicant's remedies are limited. The applicant may either present the application to another judge having jurisdiction, or "under proper circumstances" seek a writ of mandamus. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991) (citing *Von Kolb v. Koehler*, 609 S.W.2d 654 (Tex. App.-El Paso 1980, orig. proceeding)); see *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Cr. App. 2008) ("Some remedies available to an applicant in that situation are to present the application to another district judge having jurisdiction, or under proper circumstances, to pursue a writ of mandamus."); see *Ex parte Hayes*, No. WR-77,189-01 (Tex. Cr. App. March 7, 2012) (unpublished) (Johnson, J., concurring) ("If the district court does not rule or refuses to rule, [the applicant] may then file an application for a writ of mandamus in the court of appeals and petition that court to order the district court to rule on his properly filed application for a writ of habeas corpus. Once he has a ruling, he may appeal it if he so chooses. If the court of appeals denies relief on his application for a writ of mandamus, he may file an application for a writ of mandamus in this Court.").

Although this Court has suggested that an applicant "shop around" his writ to other district courts, several Courts of Appeal have found this procedure to be impracticable. The Waco court of appeals found that the time involved in trying to present a writ to another district court after its issuance has been denied is an

16

inadequate remedy. *In re Davis*, 990 S.W.2d 455 (Tex. App. - Waco 1999, original

proceeding). In *Davis*, the court held as follows:

> Given the short period of time before the date for the second trial as
> scheduled by the Respondent, in which Davis would have to seek the
> requested relief, and the difficulties inherent in locating another district
> judge to rule on the merits of his habeas application and to then obtain
> appellate review in the event of a denial of the application, we conclude
> the theoretical habeas remedy available to Davis is inadequate in these
> circumstances.

*In re Davis*, 990 S.W.2d 455 (Tex. App. - Waco 1999, original proceeding).


Other courts of appeal have ruled similarly. See *Von Kolb v. Koehler*, 609

S.W.2d 654, 655-56 (Tex. App. - El Paso 1980, orig. proceeding); *In re Altschul*,

236 S.W.3d 453 (Tex. App. - Waco 2007, original proceeding); *Thi Van Le v.*

*Perkins*, 700 S.W.2d 768, 776 (Tex. App. - Austin 1985, orig. proceeding),

mandamus denied sub nom. *Perkins v. Court of Appeals*, 738 S.W.2d 276 (Tex. Cr.

App. 1987) (A remedy by appeal will not prevent the issue of mandamus if that

remedy is inadequate or tedious.).

3.     Mandamus is appropriate in these circumstances.

In *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991) this Court cited *Von Kolb v. Koehler*, 609 S.W.2d 654, 655-56 (Tex. App. - El Paso 1980, orig. proceeding) for the proposition that mandamus is appropriate in certain circumstances where a trial court refuses to issue a writ of habeas corpus. In *Von Kolb*, relator filed a pre-trial application for writ of habeas corpus sixteen days before the court of appeals' opinion. He made several unsuccessful attempts to set a hearing date, but the trial court took no action on the application. The court of appeals rejected the state's argument that Von Kolb had the adequate remedy of "shop[ping] around for a different forum which would take action on his application for the writ of habeas corpus." *Id*. at 656. The court conditionally issued the writ, ordering the trial judge to act on the application. *Id*.

In an attempt to comply with the suggestion of *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Cr. App. 1991), Relator presented his pre-trial writ of habeas corpus to other district courts. The 179th district court and 230th district court issued written orders also denying issuance of the writ. (Exhibits 6, 8). Several other district courts were approached as well, but were unwilling to participate in Relator's shopping expedition.

18

The Respondent had a ministerial duty to issue the writ of habeas, which he did not do. Relator has no ability to appeal the Respondent's decision. This Court should, therefore, grant Relator's writ of mandamus and order the Respondent to issue the Relator's pre-trial writ of habeas corpus and make a ruling on the merits. See *Von Kolb v. Koehler*, 609 S.W.2d 654, 655-56 (Tex. App. - El Paso 1980, orig. proceeding).

## H.    Prayer for Relief

**FOR THESE REASONS,** the Relator prays the Honorable Court of Criminal Appeals will grant him a stay pending a hearing conducted by this Court, issue a writ of mandamus directing Respondent to issue the Relator's pre-trial writ of habeas corpus, make a ruling on the merits of said writ, and grant Relator any and all other appropriate relief.

Respectfully submitted,

By:

/s/ R. SCOTT SHEARER

**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, Texas 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Attorney for Relator**

June 23, 2015

# CERTIFICATION

STATE OF TEXAS         §
COUNTY OF HARRIS       §

    BEFORE ME, the undersigned authority, on this day personally appeared R. SCOTT SHEARER, who, being by me duly sworn on his oath, deposed and said that he is Relator's attorney, that he has read this petition for writ of mandamus, that every statement in the petition is within his personal knowledge and is true and correct, and that all exhibits attached to the petition are either originals or true and correct copies of original documents.

                                        **R. Scott Shearer**

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this the 25th day of June, 2015.



GLORIA PESINA POA
My Commission Expires
April 9, 2019

                                  Notary Public

21

# CERTIFICATE OF COMPLIANCE WITH RULE 9.4(i)(3)

Certificate of Compliance with Type-Volume Limitations
and Typeface Requirements.

1.  This writ of mandamus complies with the type-volume limitation of Tex. R. APP. Proc. 9.4(i)(2) and (3) because:

    This writ of mandamus contains **4,200** words, excluding the parts of the mandamus exempted by Tex. R. APP. Proc. 9.4(i)(1).

2.  This writ of mandamus complies with the typeface requirements of Tex. R. APP. Proc. 9.4(e) because:

    this writ of mandamus has been prepared in a conventional proportionally spaced typeface using Microsoft WORD 97 version 7.0 in Garamond 14 point type.

/s/ R. SCOTT SHEARER
**R. Scott Shearer**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the attached petition for leave to file, writ of mandamus, motion for temporary relief, and record, has been served upon the Respondent and the State by EXPEDITED MEANS by e-mailing a copy of same to the following addresses on this the 25th day of January, 2015:

HON. JIM WALLACE
ERICA THOMAS BRICE, COORDINATOR
263RD DISTRICT COURT
1201 FRANKLIN, 15TH FLOOR
HOUSTON, TEXAS 77002
*Erica_Thomas-Brice@justex.net*

A.D.A. CLINTON MORGAN
DISTRICT ATTORNEY'S OFFICE
APPELLATE SECTION
HOUSTON, TX 77002
*MORGAN_CLINTON@dao.hctx.net*

/s/ R. SCOTT SHEARER
**R. Scott Shearer**